**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DEBRA S. MINUTO and MV REALTY GROUP LLC,**<br><br>Plaintiffs,<br><br>-against-<br><br>**JONATHAN KAIDEN; PARK LENDING, LLC; PARK LENDING II LLC; YONEL DEVICO; TRINITY FINANCIAL ENTERPRISES, LLC d/b/a TRINITY MORTGAGE, LLC; TRINT NIXON; JOHN DOE LAWYER (a fictitious attorney whose identity is not yet known), JILLIAN MICHAELS, MIKHAIL MUDRIK, and THE AGENCY FLORIDA, LLC,**<br><br>Defendants. | Civil Action No.:<br>2:23-cv-01765-KSH-LDW<br><br>**Return Date: May 1, 2023**<br><br>Filed Electronically |

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

---

EYET LAW LLC

BY:     *s/ Matthew Eyet*_____
        Matthew T. Eyet, Esq.
        382 George Street
        New Brunswick, NJ 08901
        meyet@eyetlaw.com
        (732) 379-8617
        *Attorney(s) for Defendant Yonel Devico*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................ 1

PROCEDURAL HISTORY.............................................................................................................. 2

ARGUMENT................................................................................................................................... 3

CONCLUSION................................................................................................................................ 4

i

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

<u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>,
526 U.S. 344 (1999) ........................................................................................................1, 3, 4

<u>Infinity Staffing Sols., LLC v. Paramount Conversions, LLC</u>,
2018 WL 2148869 (D.N.J. May 10, 2018) ..........................................................................3

<u>Infinity Staffing Sols., LLC v. Paramount Conversions, LLC</u>,
2018 WL 3122326 (D.N.J. June 26, 2018) .......................................................................3, 4

**<u>Statutes</u>**

28 USCS § 1332.....................................................................................................................2

28 USCS § 1446.....................................................................................................................2

<u>**PRELIMINARY STATEMENT**</u>[1]

The brevity of this opposition to the instant motion to remand (the "Motion") is probably the best indicator of how clear-cut, straightforward and simplistic the analysis is to decide the Motion.  To be sure, the only argument raised in favor of remand is that the notice of removal was untimely because removing defendant Yonel Devico ("Devico") received—via email—a copy of the version of the summons and complaint that were served *on another defendant* more than 30 days before Devico removed this case to this court. Stated differently, Plaintiffs are essentially arguing that the clock on the 30-day removal window begins to tick whenever a defendant receives any *notice* of the underlying action, as opposed to the point in time when the defendant is formally served with the summons (addressed to said defendant) and complaint.

Here is where the Court's job becomes easy enough to perhaps even justify an early-dismissal of Chambers' staff on the next beautiful spring Friday because ***the exact argument raised by Plaintiffs has already been addressed and rejected*** by the Supreme Court of the United States. <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 348-49 (1999) (holding that the 30-day removal window did not begin to run until "formal service" was effectuated, despite evidence of the removing defendant's actual receipt of the complaint by facsimile and subsequent settlement negotiations prior to formal service being effectuated).

Thus, the only relevant fact pertinent to Plaintiffs' only argument in favor of remand (untimeliness) is whether formal service of the state court summons (addressed to Devico as an individual) and complaint was ever effectuated on Devico as an individual defendant.  Here, Plaintiffs flat-out admit that no such personal service has ever been effectuated on Devico, and

---

[1] While the underlying facts of the subject transactions and contracts are irrelevant to this motion, Devico does not admit Plaintiffs' characterizations of them. To the extent Plaintiffs' allegations are "undisputed," that is simply because the Devico has not yet filed responsive pleadings.

1

they provide no explanation as to why they never even began the process of seeking alternative service in state court. Instead, it is a matter of record that Devico—through undersigned counsel—voluntarily appeared in the state court action and voluntarily accepted service of the summons and complaint and then promptly filed his notice of removal.

So while Plaintiffs do "acknowledge" that the United States Supreme Court held that a defendant's 30-day window to remove does not begin to run until "formal service" is effectuated, irrespective of several facts indicating that the removing defendant had ample *notice* of the existence of the action but was never formally served, see ECF Doc. No. 4-1, at p. 9 (quoting Murphy), in order to grant the relief requested in Plaintiffs' Motion this Court would necessarily need to either overlook or overrule binding precedent laid down by highest court in the land. As a result, the Motion must be denied in its entirety.

## PROCEDURAL HISTORY

Plaintiffs initially commenced this action before the Superior Court of New Jersey, Bergen County Law Division, with the Docket Number BER-L-5920-22 (the "State Court" and State Court Action," respectively), by filing their Complaint (the "Complaint") on or about November 2, 2022. See ECF Doc. Nos. 1, 4-4 & 4-5.

Plaintiffs had not effectuated "formal service" on Devico prior to March 28, 2023. See, e.g., Plaintiffs' Memorandum in Support of the Motion to Remand, ECF Doc. No. 4-1 ("Plaintiffs' Memorandum") at p. 1. Likewise, Plaintiffs do not even claim to have begun the process of seeking leave to serve Devico by any alternative method, much less to have effectuated any such service. See Plaintiffs' Memorandum, *passim*.

Devico voluntarily appeared in the State Court Action on March 28, 2023 through undersigned counsel, who formally accepted service of the summons and complaint at that time

2

through the New Jersey Superior Court electronic filing system. <u>See</u> ECF Doc. No. 4-1, at p. 1.

Devico then filed removal of the State Court Action in this Court and then notice of that removal

in the State Court, also on March 28, 2023. <u>Id.</u> at pp. 1, 8.

**<u>ARGUMENT</u>**

Federal jurisdiction on the basis of diversity is governed by 28 USCS § 1332(a), and the

timeline for removal is governed by 28 USCS § 1446(b)(1). Plaintiffs have challenged only

whether Devico's removal was timely. Devico removed the same day that service was effectuated,

and therefore there is no legitimate timeliness issue and Plaintiffs' Motion must be denied on that

basis alone.

As set forth by the United States Supreme Court, the thirty-day timeline of 28 USCS §

1446(b)(1) does not begin to run until service is properly effectuated:

> An individual or entity named as a defendant is not obliged to engage in litigation
> unless notified of the action, and brought under a court's authority, by formal
> process. Accordingly, we hold that a named defendant's time to remove is triggered
> by simultaneous service of the summons and complaint, or receipt of the complaint,
> "through service or otherwise," after and apart from service of the summons, but
> not by mere receipt of the complaint unattended by any formal service.

<u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347 (1999).

In <u>Murphy</u>, the United Stated Supreme Court held that the timeline to remove did not begin

to run until receipt of "formal service" according to the court rules *even where the removing*

*defendant had actual receipt of the pleadings by facsimile **and** subsequently participated in the*

*litigation by engaging in settlement negotiations*.

Similarly, the only other case cited by Plaintiffs on this topic explicitly followed both the

holding ***and the logic*** of <u>Murphy</u>, and even noted it applies to cases such as here where a business

entity may be served separately from an also-named member-manager of that LLC. See <u>Infinity</u>

<u>Staffing Sols., LLC v. Paramount Conversions, LLC</u>, 1:17-CV-10650-NLH-JS, 2018 WL

3

2148869, at *3 (D.N.J. May 10, 2018) ("Infinity I") (followed by Infinity Staffing Sols., LLC v. Paramount Conversions, LLC, 1:17-CV-10650-NLH-JS, 2018 WL 3122326, at *3 (D.N.J. June 26, 2018) ("Infinity II")).

In the Infinity opinions, the court never reached the determination of whether the individual defendant or the business entity were properly served, but it did explicitly hold that the bright-line "formal service" standard of Murphy applied to the removing defendant despite his position as a member-manager of another defendant LLC—as well as noting in dicta that if the defendant hadn't been served then his right to remove would presumably remain unaffected until he was actually served, despite actively engaging in motion practice. See Infinity II, 2018 WL 3122326 at n.6.[2]

In short, Plaintiffs provide no authority whatsoever to overrule or overlook the clear and binding authority on this exact point.

## CONCLUSION

Based on the forgoing, Devico respectfully requests that this Court deny Plaintiffs' Motion.

Dated: April 17, 2023

**EYET LAW LLC**

BY:    *s/ Matthew Eyet*_____
Matthew T. Eyet, Esq.
382 George Street
New Brunswick, NJ 08901
meyet@eyetlaw.com
(732) 379-8617
*Attorney(s) for Defendant Yonel Devico*

---

[2] The action in Infinity I was ultimately remanded for an entirely different reason—that removing defendant failed to show he had been served at all or waived service, and that therefore remand was not yet proper. See Infinity II, 2018 WL 3122326, at *2. That is not relevant here as both Infinity II and Murphy acknowledge waiver as a sufficient alternative to formal service. See Murphy, 526 U.S. at 350-51; Infinity II, 2018 WL 3122326, at *1 and n.6.