**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DEBRA S. MINUTO and MV REALTY GROUP LLC,

*Plaintiffs*,

v.

JONATHAN KAIDEN; PARK LENDING, LLC; PARK LENDING II LLC; YONEL DEVICO; TRINITY FINANCIAL ENTERPRISES, LLC D/B/A TRINITY MORTGAGE, LLC; TRINT NIXON; JOHN DOE LAWYER (A FICTITIOUS ATTORNEY WHOSE IDENTITY IS NOT YET KNOWN), JILLIAN MICHAELS, MIKHAIL MUDRIK, AND THE AGENCY FLORIDA, LLC,

*Defendants*.

Civil No.: 23-cv-01765 (KSH) (LDW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

## I. Introduction

When a complex real estate transaction went sideways, plaintiffs Debra S. Minuto ("Minuto") and MV Realty Group LLC ("MVR" with Minuto, "plaintiffs") sued several individual and institutional defendants in Bergen County Superior Court and asserted claims sounding in contract, tort, fraud, and negligence. After nearly five months of litigation in state court, defendant Yonel Devico ("Devico") accepted service of the complaint through counsel and removed the case to this Court, relying on diversity jurisdiction. Presently before the Court is plaintiffs' motion (D.E. 4) to remand the case to Bergen County and for an award of fees and costs pursuant to 28 U.S.C. § 1447(c). They argue that remand is appropriate for two reasons: *first*, Devico's notice of removal was untimely and filed in bad faith; and *second*, Devico has failed to shoulder his burden of establishing complete diversity. For the reasons that follow, plaintiffs' motion will be granted,

## II. Background

The facts and procedural history relevant to the instant motion are as follows. On November 2, 2022, plaintiffs filed a thirteen-count complaint in Bergen County Superior Court against several individual and institutional defendants arising from a real estate transaction concerning property in Florida. (D.E. 1, Not. Rem. ¶ 2; *see generally* D.E. 1-2, Compl.) Among the named defendants were Jonathan Kaiden, a lender; Devico, Kaiden's business associate; and their companies, Park Lending LLC ("Park") and Park Lending II LLC ("Park II," with Park, the "Park defendants"). (Compl. ¶¶ 4-19, 68; D.E. 2.)[1]

On November 9, 2022, plaintiffs personally served the Park defendants through their registered agents in Delaware. (D.E. 4-4, Muller Cert. Ex. K.) However, despite several attempts, plaintiffs were unable to serve Kaiden and Devico. (D.E. 4-9, Muller Cert. Ex. P.) Accordingly, plaintiffs proceeded with the litigation against the served defendants.

On December 20, 2022, the state court entered default judgment against the Park defendants. (D.E. 4-12, Muller Cert. Ex. Z.) Approximately two weeks later, the Park defendants appeared and moved to vacate the default judgment, but the state court denied their motion without prejudice on February 21, 2023. (*Id.* Ex. AA.) The Park defendants proceeded to file a second motion to vacate default judgment. (*Id.* Ex. BB.) In support of their motion, the Park defendants submitted an affidavit authored by Steven Daniels, who identified himself as a mortgage director (the "Daniels affidavit"). (*Id.* Ex. CC ¶ 2.) Among other things, Daniels stated that the Park defendants did not receive the complaint until December 15, 2022, when their receptionist retrieved it from the mail and scanned a copy into the Park defendants' computer system. (*Id.* ¶¶ 6-7.)

---

[1] Park has two members (Devico and Kaiden) and serves as Park II's sole member. (D.E. 2.)

According to plaintiffs, the Daniels affidavit was a fraudulent attempt to manufacture "excusable neglect" for their failure to timely respond to the complaint. (D.E. 4-1, Mov. Br. at 2.) Plaintiffs rely on several emails received in response to a subpoena served on Park II's registered agent, which reveal that the registered agent forwarded the served summons and complaint to Devico via email the day after service was effectuated (November 10, 2022) and again four days later.[2] (D.E. 4-4, Muller Cert. Ex. L; D.E. 4-7, Muller Cert. Ex. N.)

On March 28, 2023—three days before the second motion to vacate was returnable before the state court—Devico's attorney appeared and agreed to accept service of the complaint on his behalf. (Not. Rem. ¶ 17; Muller Cert. ¶ 30.) Later that day, Devico removed the matter to this Court, relying on diversity jurisdiction. (Not. Rem. ¶ 11.)

**III. Legal Standard**

A case may be removed to federal court "if the federal court would have had original jurisdiction over the claim." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). Because "'[d]iversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court,'" a case filed in state court that implicates diversity jurisdiction may generally be removed "provided that the defendant is not a citizen of the state in which the action is brought." *Id.* (quoting *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996)); *see* 28 U.S.C. § 1441(b)(2).

Diversity jurisdiction is properly invoked where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As the party invoking federal subject matter jurisdiction, "[t]he

[2] Park II's registered agent received a delivery confirmation for the November 10, 2022 email, which is included in the record. (D.E. 4-7, Muller Cert. Ex. M.)

removing party bears the burden of demonstrating the federal court has subject matter jurisdiction over the action." *Minardi Consulting, Inc. v. Anderson*, 2022 WL 3053926, at *3 (D.N.J. Aug. 3, 2022) (Martinotti, J.) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Removal statutes "are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. Discussion

Plaintiffs argue that the matter should be remanded to Bergen County Superior Court because: (i) Devico's notice of removal was untimely and filed in bad faith, as Devico evaded personal service but had received the complaint from Park II's registered agent months prior to removal; and (ii) even if Devico's removal was timely, he has failed to satisfy his burden of establishing complete diversity. (Mov. Br. at 8-14.) Devico opposes only the former argument, contending that his removal was timely because he was never formally served with the complaint; instead, his attorney accepted service on March 28, 2023, which officially triggered the 30-day removal clock. (D.E. 7, Opp. Br. at 1-4.)

Devico relies exclusively upon *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). There, the defendant received a copy of the complaint via facsimile on January 29, 1996 but was not formally served until February 12, 1996. The defendant removed the case to federal court on March 13, 1996—30 days after formal service but 44 days after the defendant had received the faxed copy of the complaint. The plaintiff moved to remand, arguing that the 30-day removal clock ran from the date the defendant first received the complaint. The Court disagreed,

reasoning that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347. As such, the Court held that a defendant's time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48.

Here, although Devico received a copy of the complaint from Park II's registered agent in November 2022, it is undisputed that he was not formally, personally served with the complaint until his attorney appeared and accepted service in March 2023. Indeed, New Jersey service rules do not provide for service on an individual through the registered agent of a limited liability company under his control. *See* N.J. Ct. R. 4:4-4(a)(1) (rule for service on individual). However, plaintiffs argue that *Murphy Bros.* is inapposite because Devico's notice of removal was filed in bad faith. As plaintiffs put it:

> Unlike the defendant in *Murphy Bros.*, Devico: (i) personally evaded service; (ii) proceeded to litigate for months in State Court through the Park Lending LLC defendants over whom he exercised control; and (iii) only came out of hiding and accepted service to remove the case to Federal Court when the Park Lending LLC defendants were losing in State Court (and about to be exposed for fraud). These are not the circumstances or principles upon which the Court based its decision in *Murphy Bros.*

(D.E. 10, Reply Br. at 2.)

Devico's timing is not lost upon the Court. Plaintiffs made exhaustive efforts to personally serve Devico with process, attempting service at two addresses (one of which was the Park defendants' address "for notice and legal process") on eight separate occasions—namely, November 22, 23, and 30, 2022; December 6, 16, and 22, 2022; and January 20 and 24, 2023. (Muller Cert. Ex. P at 3; D.E. 4-3, Muller Cert. Ex. F.) Albeit plaintiffs were unable to personally

serve Devico, there is ample evidence that he was aware of the lawsuit long before his attorney accepted service in March 2023. Indeed, the documents attached to plaintiffs' counsel's certification conclusively demonstrate that Park II's registered agent forwarded the complaint to Devico via email on November 10, 2022 and received confirmation that the email was delivered. (Muller Cert. Exs. L, M.) The registered agent again emailed the complaint to Devico on November 14, 2022. (*Id.* Ex. N.) Notably, both emails were sent to Devico at an email address he regularly used in the ordinary course of business. (*See* D.E. 4-3, Muller Cert. Ex. E; D.E. 4-11, Muller Cert. Exs. U, V.) Moreover, although the Park defendants failed to timely answer the complaint in state court, counsel appeared on their behalf in January 2023 and actively litigated the case for the next two months. (Muller Cert. Exs. Z, AA, BB.) Tellingly, neither Devico nor Kaiden (the Park defendants' sole principals) appeared in the case. It was not until after the Park defendants' second motion to vacate was fully briefed—and after plaintiffs accused the Park defendants of filing a fraudulent affidavit before the state court—that Devico's counsel appeared and immediately removed the case to this Court.

Although the Court is unaware of any cases from this Circuit that have applied a bad faith exception to the holding in *Murphy Oil*,[3] plaintiffs argue that Judge Hillman's decision in *Infinity Staffing Solutions, LLC v. Paramount Conversions, LLC*, 2018 WL 3122326 (D.N.J. June 26, 2018) is instructive. There, the plaintiff filed a complaint in state court against individual defendant George Richard Greenlee, Jr. ("Greenlee") and his company, defendant Paramount Conversions, LLC ("Paramount"). When Greenlee removed the case to federal court, the plaintiff

[3] *But see Waddell v. Nat'l Asset Recovery, Inc.*, 2009 WL 10705240, at *3 (W.D. Mo. Jan. 28, 2009) ("The *Murphy Brothers* rule is simply one that 'ordinarily' applies (526 U.S. at 350) and should not be used when it is the party denying service that is responsible for the defect and had actual knowledge of the allegations it has ignored.").

filed a motion to remand on grounds that Greenlee's removal was untimely. Greenlee opposed the motion, arguing that although he had accepted service as Paramount's registered agent, he was never properly served as an individual. As such, the 30-day removal clock never started to run under *Murphy Oil*, and his notice of removal was timely filed.

Judge Hillman found that Greenlee had not established that removal of the case was proper and therefore remanded the matter to state court. He reasoned in pertinent part as follows:

> It seems unjust that a defendant may, on the one hand, deny that the court has jurisdiction over him because he has not been formally served, and on the other hand pull the rug out from under a plaintiff who chose a forum for the suit. **Greenlee is obviously aware of the lawsuit, because he is the principal of Paramount and accepted service on Paramount's behalf. How long should such a defendant be permitted to remove a lawsuit?**
>
> In this case, Greenlee knew about the lawsuit for over a month before filing the Notice of Removal, as he admits that Paramount was served. What if he had waited six months? What if he had waited a year? Two years? **If *Murphy Bros.* is read in the manner Greenlee urges, unserved defendants could swoop in at any time and remove the case to federal court, particularly when the unserved defendant is an insider of the served defendant.**

*Id.* at *2-3 (emphasis added).

Judge Hillman's reasoning is persuasive here. Devico should not be permitted to use *Murphy Oil* as both a sword (to deny plaintiffs their chosen forum) and a shield (from the state court's rulings). Such gamesmanship would be "contrary to the interests of justice and expeditious process." *Id.*

Even if the Court were to strictly construe *Murphy Oil* as Devico suggests, the Court would still be compelled to remand because Devico has not established that the Court has diversity jurisdiction. Although the crux of this motion has been focused on Devico and the Park defendants, plaintiffs named several other defendants in the complaint, including two limited liability companies: Trinity Financial Enterprises, LLC d/b/a Trinity Mortgage, LLC ("Trinity") and the

Agency Florida, LLC. ("the Agency"). It is well settled that "the citizenship of an LLC is determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)). Devico's notice of removal includes the states of formation for Trinity and the Agency but is silent as to the alleged citizenship of each of their members. (*See* Not. Rem. ¶ 1.)

In their moving brief, plaintiffs directly challenged Devico's diversity allegations (Mov. Br. at 14), but Devico failed to address the issue in opposition.[4] *See Lane v. Loc. 827 I.B.E.W., AFL-CIO*, b, at *1 (D.N.J. June 29, 2023) (Shipp, J.) ("When presented with an argument for remand, the removing defendant must shoulder the burden of establishing the validity of removal and the existence of federal jurisdiction."). "[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction," and Devico has failed to shoulder his burden. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). The citizenship of each defendant is far from clear, and the Court will resolve that ambiguity in favor of remand.

**V. Conclusion**

For the foregoing reasons, plaintiffs' motion (D.E. 4) will be granted. An appropriate order will issue.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Date: July 25, 2023

---

[4] Since the matter was removed to this Court, Trinity has not made an appearance. Although the Agency has made an appearance, it has not yet filed an answer. (D.E. 5.)

At plaintiffs' request, the clerk entered default against the Agency on June 27, 2023. (D.E. 21.) Plaintiffs have not yet requested entry of default against Trinity.