## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DEBRA S. MINUTO and MV REALTY GROUP LLC,

      *Plaintiffs*,

     v.

JONATHAN KAIDEN; PARK LENDING, LLC; PARK LENDING II LLC; YONEL DEVICO; TRINITY FINANCIAL ENTERPRISES, LLC D/B/A TRINITY MORTGAGE, LLC; TRINT NIXON; JOHN DOE LAWYER (A FICTITIOUS ATTORNEY WHOSE IDENTITY IS NOT YET KNOWN), JILLIAN MICHAELS, MIKHAIL MUDRIK, AND THE AGENCY FLORIDA, LLC,

      *Defendants*.

Civil No.: 23-cv-01765 (KSH) (LDW)

**<u>ORDER AND JUDGMENT</u>**

**THIS MATTER** having come before the Court on the application (D.E. 33) filed by plaintiffs Debra S. Minuto and MV Realty Group LLC for entry of an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c); and it appearing that defendant Yonel Devico has failed to oppose or otherwise file a response to plaintiffs' application, the Court, having reviewed plaintiffs' supporting affidavit of services (the "Muller affidavit"), makes the following findings:

1. On July 25, 2023, the Court issued an opinion and order granting plaintiffs' motion to remand the case to Bergen County Superior Court and their corresponding request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (D.E. 30, 31.) Plaintiffs were directed to file an affidavit of services within five days.[1]

---

[1] Fee awards under 28 U.S.C. § 1447(c) are "collateral issues over which federal courts retain jurisdiction after remand." *Siebert v. Norwest Bank Mn.*, 166 F. App'x 603, 606 (3d Cir. 2006).

2. On July 28, 2023, plaintiffs filed the Muller affidavit seeking an award of $6,347.87 comprised of $6,270.00 in attorneys' fees and $77.87 in costs.  (D.E. 33, Muller Aff. ¶¶ 3-5, 15.)  Devico has not opposed or otherwise responded.

3. 28 U.S.C. § 1447(c) grants the Court "broad discretion" to award reasonable attorneys' fees and costs following a remand.  *Siebert*, 166 F. App'x at 606-07; *see* 28 U.S.C. § 1447(c) ("[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  The Third Circuit uses a "lodestar approach" to determine reasonable attorneys' fees.  *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 310 (3d Cir. 2008).  "Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate."  *Id.*

4. "The first step in applying the lodestar formula is to determine the appropriate hourly rate," *Cityside Archives, Ltd. v. New York City Health & Hosp. Corp.*, 37 F. Supp. 2d 652, 658 (D.N.J. 1999) (Politan, J.), which requires the Court to assess "the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  In making that determination, courts may consider "[a]ffidavits from the attorney, other attorneys in the community, as well as other evidence." *City of Atl. City v. Zemurray St. Cap., LLC*, 2022 WL 92802, at *3 (D.N.J. Jan. 10, 2022) (Hillman, J.).

5. Here, plaintiffs seek fees for work performed by one attorney, Barry J. Muller, a partner at Fox Rothschild LLP.  (Muller Aff. ¶ 1.)  Muller certifies he charged plaintiffs "a reduced hourly rate of $550, which is substantially lower than the average hourly rate

for New Jersey litigation partners at comparable firms." (*Id.* ¶¶ 7, 11.) Devico has not disputed that Muller's $550 hourly rate is reasonable, *see Ismail v. IHI Power Servs. Corp.*, 2023 WL 3689608, at *5 (E.D. Pa. May 25, 2023) (fixing hourly rates for attorneys at proposed rates of $650 and $500 where defendants failed to object), and the Court sees no reason to stray from the amount sought. Indeed, Muller's firm biography, which is attached to the Muller affidavit as Exhibit A, sufficiently highlights his 20-plus years of legal experience, as well as his skill and reputation in the legal community. (Muller Cert. Ex. A.)

6. "The next component in analyzing fees under the lodestar method is determining whether the amount of hours billed for the work completed was appropriate." *City of Atl. City,* 2022 WL 92802, at *4. Plaintiffs seek reimbursement for 11.4 hours of work and cite Muller's billing records in support. (*See* Muller Aff. ¶¶ 3-4.) The Court finds that the amount of work performed was reasonable, as Muller's billing entries are narrowly tailored to plaintiffs' remand motion and reference only compensable tasks— namely, background research, preparation and filing of motion papers, and other case management. *See Warner v. Twp. of S. Harrison*, 2013 WL 3283945, at *11 (D.N.J. June 27, 2013) (Simandle, J.) (recognizing that compensable activities include, *inter alia*, "the preparation of filing the lawsuit, background research, productive attorney discussions and strategy sessions, negotiations, routine activities such as . . . reading mail related to the case, [and] monitoring and enforcing a favorable judgment").

7. Finally, plaintiffs request $77.87 in costs for research, filing fees, and courier expenses, and provide invoices in support. (Muller Aff. ¶ 5.) Because plaintiffs' request for costs

is well documented and narrowly tailored to Devico's removal, the Court will award the full amount sought.

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 22nd day of August, 2023,

**ORDERED and AJUDGED** that plaintiffs are awarded $6,270.00 in attorneys' fees and $77.87 in costs, for a total award of $6,347.87.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.